[Doc. No. 274]

```
            THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| UNITED STATE OF AMERICA<br>*ex rel.* MARC SILVER, et al.,<br><br>         Plaintiffs,<br><br>     v.<br><br>OMNICARE, INC., et al.,<br><br>         Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil No. 11-1326 (NLH/JS)<br>:<br>:<br>:<br>: |

**ORDER**

This matter is before the Court on the Consent Motion to Seal ("Motion") [Doc. No. 274] filed by defendant PharMerica. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, defendant's motion is GRANTED.

The Court writes for the benefit of the parties, who are already familiar with the pertinent background facts. Therefore, only the facts necessary to deciding this dispute are recounted here. The instant motion represents defendant's second attempt to seal page 74, line 22 of an October 27, 2015 Hearing Transcript ("Transcript"). See Mot. at 1 [Doc. No. 274]; Consent Motion to Seal at 1 ("First Motion") [Doc. No. 242]. The Court denied defendant's first motion because it failed to "support its motion with specific examples or articulated reasoning." See Order at 4

[Doc. No. 270]. In denying defendant's first motion, the Court gave defendant 14 days to file a renewed motion to seal. Subsequently, defendant timely filed the instant motion. Mot. [Doc. No. 274].

Litigants seeking to seal information associated with a judicial proceeding must demonstrate "good cause." Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). In addition, the movant must support its motion with "specific examples or articulated reasoning." Supernus Pharm., Inc. v. Actavis, Inc., C.A. No. 13-4740 (RMB/JS), 2014 WL 6474039, at *3 (D.N.J. Nov. 18, 2014) (collecting cases).

Motions to seal are governed by Local Civil Rule 5.3 which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3.

In support of its renewed motion defendant argues that the material contained at page 74, line 22 of the transcript contains

highly sensitive, confidential business information. Id. at 3. The highly sensitive information identified by defendant consists of the gross margin percentage of transactions between a particular pharmacy and several nursing homes in the pharmacy's geographic region. Id. Defendant asserts it values the secrecy of this information, and as a result declines to include such figures in any of its public financial statements. Id.

Defendant also argues that disclosure of the information would pose a serious risk to its competitive interests. Id. Defendant maintains that the "long-term care pharmacy industry is a highly competitive business" in which its competitors "are aggressive in securing a nursing home's business and in trying to gain the business of nursing homes under contract with other long-term care pharmacies." Id. at 4. Accordingly, defendant argues, any disclosure of its gross margin percentages would subject defendant to a "substantial risk of harm." Id.

Defendant is also concerned about public disclosure of the information. Defendant acknowledges that there may be some public interest in the case considering the underlying allegations. Id. at 5. Nonetheless, defendant argues that the proposed redaction is so narrow that it will not "impede the public's ability to understand the discussion or to evaluate the case." Id. at 4-5. Similarly, defendant argues that its limited redaction is the least

3

restrictive means available to balance its interest in financial privacy against the public's interest in the case. Id.

Local Civil Rule 5.3 directs the court to evaluate defendants motion under the following factors: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. In the Court's view, defendant has satisfied the standards of Local Civil Rule 5.3, and shown "good cause" to redact the identified information. Defendant identified the subject of the material and specified where it appears in the transcript, showed that the balance between public and private interest weighs in its favor, supported its claim of economic harm with specific examples and articulated reasoning, and selected the least restrictive means to redact the information.

Accordingly, for the foregoing reasons,

IT IS hereby ORDERED this 9th day of June, 2016, that defendant's "Motion to Seal" [Doc. No. 274] is GRANTED. The Clerk of the Court shall seal page 74, line 22 of the October 27, 2015 Hearing Transcript [Doc. No. 241].

    /s/ Joel Schneider
    JOEL SCHNEIDER
    United States Magistrate Judge