**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. MARC SILVER, et al., : : : | | |
| Relators, : : | Civil Action No. 11-1326 | |
| v. : : | | |
| OMNICARE, INC., et al., : : | **OPINION** | |
| Defendants. : : | | |

**APPEARANCES:**

LISA J. RODRIGUEZ
SCHNADER HARRISON SEGAL & LEWIS LLP
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1165

WILLIAM H. ELLERBE
RUSSELL D. PAUL
BERGER & MONTAGUE PC
1818 MARKET STREET
PHILADELPHIA, PA 19103

DANIEL WILLIAM MEYLER
U.S. ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD STREET, SUITE 700
NEWARK, NJ 07102

*Attorneys for Relators*

JUDITH H. GERMANO
GERMANO LAW LLC
460 BLOOMFIELD AVENUE
SUITE 200
MONTCLAIR, NJ 07043

MICHAEL MANTHEI (Pro Hac Vice)
WILLIAM PEZZOLO (Pro Hac Vice)
HOLLAND & KNIGHT LLP
10 ST. JAMES AVENUE
BOSTON, MA 02116

PETER J. KOCORAS (PRO HAC VICE)
THOMPSON HINE LLP
20 NORTHT CLARK STREET, SUITE 800
CHICAGO, IL 60602

   *Attorneys for Defendant PharMerica Corp.*

**HILLMAN**, District Judge:

   This is a False Claims Act ("FCA") suit.  As set forth in this Court's previous opinion, Relator Marc Silver ("Silver") alleges that PharMerica Corp. ("PharMerica") "engaged in a ['swapping'] scheme that violated the Anti-Kickback Statute by offering nursing homes below market prices for drugs to patients insured by Medicare Part A in exchange for referrals of prescriptions for nursing home patients insured by Medicare Part D or by Medicaid." United States ex rel. Silver v. Omnicare, Inc., No. 11-1326, 2014 WL 4827410, at *1 (D.N.J. Sept. 29, 2014).  Silver alleges that PharMerica defrauded the federal government when it submitted Medicare and Medicaid claims for reimbursement which certified PharMerica's compliance with the Anti-Kickback Statute.  Currently before the Court is PharMerica's Motion for Judgment on the Pleadings ("Motion for Judgment").  For the following reasons, the motion will be GRANTED.

## BACKGROUND

The relevant factual and procedural history of this is set forth in the Court's previous Opinions (ECF Nos. 131, 388) and need not be repeated here.

## ANALYSIS

### A. Subject Matter Jurisdiction

Silver has alleged that PharMerica violated the federal False Claims Act, 31 U.S.C. § 3729, et seq., and the federal Anti-Kickback Statute, 42 U.S.C.A. § 1320a-7b, et seq. Therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and exercises supplemental jurisdiction over Silver's related state law claims pursuant to 28 U.S.C. § 1367.

### B. Motion for Judgment on the Pleadings Standard

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. FED. R. CIV. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe, 938 F.2d at 428. Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

A district court, in weighing a motion to dismiss, asks

3

"not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim[]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

In addition, "on a motion for judgment on the pleadings," a court "reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings." Perelman v. Perelman, 919 F. Supp. 2d 512, 520 n.2 (E.D. Pa. 2013).

4

### C. Silver's Sur-Reply

On September 18, 2020 Silver filed a letter seeking leave to file a Sur-Reply and attached, as an exhibit, a proposed sur-reply brief. Silver alleges that this sur-reply is necessary to address new arguments PharMerica made for the first time in its reply brief. PharMerica responded in opposition to this motion on September 22, 2020. Local Rule of Civil Procedure 7.1(d) controls the filing of a sur-reply in this specific situation. It states: "No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." Loc. R. Civ. P. 7.1(d)(6). Silver did not file a supporting brief in violation of Local Rule 7.1(d)(1). See Loc. R. Civ. P. 7.1(d)(1) ("No application will be heard unless the moving papers and a brief . . . are filed with the Clerk . . . . The brief shall be separate document for submission to the Court . . ."). Notwithstanding this failure to file a supporting brief pursuant to local rules, the Court finds that Silver's proposed sur-reply consists substantially of arguments originally made in his opposition brief to PharMerica's Motion for Judgment and does not highlight any exceptional circumstances warranting the filing of a sur-reply.

### D. PharMerica's Motion for Judgment on the Pleadings

PharMerica challenges Counts I-III of Silver's Third Amended Complaint (the "Complaint"). First, PharMerica alleges

5

Counts I and, by extension, the related conspiracy claim under Count III must be dismissed in insofar as they are based on the alleged submission of false claims to commercial insurance companies under Medicare Part D and under Medicaid Managed Care prior to May 20, 2009.  PharMerica argues dismissal is warranted because PharMerica neither presented, nor caused to be presented, any Medicare Part D or Medicaid Managed Care claims to an officer or employee of the United States Government, which PharMerica argues was a requirement prior to Congress' enactment of the Fraud Enforcement and Recovery Act ("FERA") amendments to the FCA.

Second, PharMerica argues Count II should be dismissed in its entirety as well as the related conspiracy claims in Count III for failure to satisfy the double falsity requirement of Sections 3729(a)(2) and 3729(a)(1)(B) of the FCA.  In the alternative, as to Count II, PharMerica moves to dismiss Count II, and by extension, the related conspiracy claim under Count III insofar as they are based on the alleged submission of false claims to commercial insurance companies under Medicare Part D and under Medicaid Managed Care prior to June 7, 2008. PharMerica argues dismissal is warranted because Silver fails to allege the use of any false records or statements that are distinct from the underlying pharmacy claims.  In the event the Court disagrees with that argument, PharMerica argues this Court

6

should also accept its alternative argument because Silver failed to allege PharMerica created a false record or statement to get the government to pay a false claim.

Silver, as could be expected, refutes each of these arguments.  First, Silver argues the law of the case doctrine bars PharMerica's Motion for Judgment because it impermissibly attempts to re-litigate the same arguments that this Court has already rejected.  Second, Silver alleges the presentment element of pre-FERA claims is met because PharMerica submitted false electronic claims to the Part D Sponsor and the Part D Sponsor submitted Prescription Drug Event ("PDE") records to CMS, which Silver contends are claims for purposes of the FCA.  Third, Silver alleges Count II should survive dismissal because the PDEs are the false claims and the pharmacy claims that PharMerica submitted to Sponsors are the false records or statements that PharMerica used to get the government to pay the PDE data.  Fourth and in regard to PharMerica's alternative argument, Silver argues the pre-FERA version of 31 U.S.C. 3729(a)(1)(B) does not apply to Count II and even if it did dismissal is still not warranted because Medicare Part D payment scheme requires PharMerica to submit electronic claims to a Part D Sponsor, which then uses those records to submit PDEs, along with certifications about the validity of the claims presented by the PDEs, to the government.  This Court will not address

7

PharMerica's alternative argument because Silver has failed to demonstrate it satisfied the double falsity requirement of Sections 3729(a)(2) and 3729(a)(1)(B).

### a. Law of the Case Doctrine

Silver first argues PharMerica's Motion for Judgment must be denied because the law of the case doctrine bars PharMerica's attempt to relitigate issues that were already decided by this Court. See (ECF No. 491 ("Pl. Br.") at 14-17). In response, PharMerica argues the law of the case doctrine is not applicable because the legal issues at the heart of this Motion for Judgment and PharMerica's previous motion to dismiss are substantially different. More specifically, PharMerica argues the Court addressed PharMerica's motion through the lens of Foglia and rejected PharMerica's argument that the 9(b) required Silver to identify specific patients or claims to survive dismissal. See (ECF No. 501 ("Def. Reply Br.") at 10-13). This Court agrees with PharMerica.

The doctrine of the law of the case precludes review of legal issues previously decided. See In re City of Phila. Litig., 158 F.3d 711, 717-18 (3d Cir. 1998); see also Hamilton v. Leavy, 322 F. 3d 776, 786-87 (3d Cir. 2003) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation."(quoting In re Continental Airlines, 279 F. 3d 226, 232 (3d Cir. 2002))).

The previous disposition of a motion to dismiss may constitute the law of the case. "The doctrine of the law of the case, however, does not apply if a court did not previously address the subject issue." Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 18-00345, 2019 WL 3778756, *6 (W.D. Pa. Aug. 12, 2019); see also Slater v. Marshall, 906 F. Supp. 256, 259 (E.D. Pa. 1995) (holding that the law of the case doctrine did not preclude consideration of a motion to dismiss, even though the court had found that the complaint stated a claim when it ruled on prior motion to dismiss filed by another defendant, because the issues raised by the two defendants were different).

PharMerica raises new arguments regarding Counts I-III in its Motion for Judgment. In United States ex rel. Silver v. Omnicare, Inc., No. 11-1326, 2014 WL 4827410 (D.N.J. Sept. 29, 2014), relevant to this motion, the PharMerica argued: (1) "the third amended complaint must be dismissed because a FCA claim must be plead with particularity and Relator fails to adequately plead fraud with specificity as required under Federal Rule of Civil Procedure 9(b);" and (2) "the complaint fail[ed] to state a claim for conspiracy." Omnicare, 2014 WL 4827410, at *1. Neither of these arguments addressed the arguments PharMerica now raises before the Court.

In support of PharMerica's 9(b) argument, PharMerica argued

9

Silver failed to specifically allege "details concerning the dates of the claims, the content of the forms or bills submitted, identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices." Id. at *4.

In applying the Foglia standard, the Court disagreed with PharMerica and held Silver was not required to include such allegations at early the pleading stage. Id. Therefore, in denying PharMerica's attempt to hold Silver to a higher standard than one required by Foglia, this Court found that Silver had alleged sufficient facts under Rule 9(b) to support his FCA claims against PharMerica. Id. Similarly, this Court rejected PharMerica's argument that Silver failed to plead an anti-kickback statute violation by applying the Foglia standard. Id.

The law of the case doctrine does not apply here because the Court's Opinion denying the initial motion to dismiss contained no rule of law that dictated the resolution of PharMerica's Motion for Judgment. Simply, this Court "did not previously address the subject issue" of PharMerica's current Motion for Judgment. Tucker Arensberg, P.C., 2019 WL 3778756, *6. The Motion for Judgment includes new arguments that address

10

issues that were not before this Court or even referenced by either party during the Court's previous ruling on the Motion to Dismiss.

The Third Circuit Court of Appeals has concluded that application of the law of the case doctrine "is a discretionary, not absolute, process and if, as happened here, a party advances a basis for a court to reach a different result than it did previously the court will not be bound by its earlier decision." Bridges v. Commissioner Soc. Sec., 672 Fed. App'x 162, 167 (3d Cir. Oct. 5 2016) (citing Africa v. City of Philadelphia (In re City of Philadelphia Litig.), 158 F.3d 711, 718 (3d Cir. 1998)). Since PharMerica now argues dismissal is warranted based on a new basis, the law of the case doctrine is not applicable.

### b. Count I and Count III Pre-FERA Claims Relating to Medicare Part D and Medicaid Managed Care

PharMerica first argues Silver's claims in Count I and III relating to Medicare Part D and Medicaid Managed Care prior to May 20, 2009, when FERA was enacted, fail because PharMerica neither presented, nor caused to be presented, any Medicare Part D or Medicaid Managed Care claims to an officer or employee of the United States Government. See (ECF No. 479 ("Def. Br.") at 17-20). Silver, relying on a decision involving PharMerica from the Eastern District of Wisconsin, responds that the presentment element is satisfied because when PharMerica submits an

11

electronic claim to a Part D Sponsor, PharMerica then causes the Part D Sponsor to submit a PDE record to the Centers for Medicare & Medicaid Services ("CMS").  (Pl. Br. at 19-21).  As recognized by the Court in Buth, PharMerica now argues that the PDEs that are submitted by the Part D sponsor are the claims upon which CMS makes payment.  (Pl. Br. at 19).  In response, PharMerica argues that Silver is impermissibly attempting to amend his Complaint through its Opposition Brief.  (Def. Reply Br. 1-4).  Specifically, PharMerica notes that "Nowhere in the [Complaint], or in any prior iteration of his complaint, or in any other document filed with the Court in the many years that this case has been pending does Silver ever mention PDE data, much less assert that these are the 'false claims' at issue in this case."  (Def. Reply. Br. at 2).  This Court agrees with the PharMerica that Silver is attempting to amend his Complaint through his Opposition.

"On May 20, 2009, Congress enacted the Fraud Enforcement and Recovery Act of 2009 (FERA), Pub. L. No. 111-21, 123 Stat. 1617 (2009), which amended the FCA and re-designated 31 U.S.C. § 3729(a)(1) as 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(2) as 31 U.S.C. § 3729(a)(1)(B)." United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 303 (3d Cir. 2011).  The FERA amendments relevant to this action that relate to Section 3729(a)(1) "apply to conduct on or after the date of

enactment." Pub. L. No. 111-21. Accordingly, the Pre-FERA version applies to Silver's claims in Counts I and, by extension, the related claims in Count III that occurred prior to May 20, 2009.

Under the Pre-FERA version of 3729(a)(1), Silver must allege PharMerica "knowingly present[e]d, or cause[d] to be presented, *to an officer or employee of the United States Government or a member of the Armed Forces of the United States* a false or fraudulent claim for payment of approval." 31 U.S.C. § 3729(a)(1) (emphasis added). Silver alleges he has satisfied this Pre-FERA requirement because "when PharMerica submit[ed] an electronic claim to a Part D Sponsor to seek payment for a drug it has dispensed to a patient covered by that Part D Sponsor, PharMerica *causes* the Part D Sponsor to then submit *a PDE record* to CMS." (Pl. Br. at 19) (emphasis added).

However, as PharMerica notes, Silver only alleges the Medicare-related claims at issue in this litigation are the claims from the institutional pharmacies to private insurance companies. Silver fails to include allegations suggesting that the false claims are instead the PDEs submitted by the Plan D Sponsors to the CMS as the plaintiffs did in Buth. Although Silver's Opposition brief includes this argument, the Court cannot consider this argument on a motion for judgment on the pleadings. Silver's legal theories are viable "only to the

13

extent that they find support in the allegations set forth in the complaint." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).  This Court agrees that Silver's Complaint is devoid of allegations supporting his new theory that PharMerica's liability arises from the submission of the PDE data to CMS by the Part D Plan Sponsors and their PDMs. These arguments and their factual foundation exist only in Silver's Opposition and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Olson v. Ako, 724 Fed App'x 160, 166 (3d Cir. Mar. 20, 2018 (quoting Zimmerman, 836 F.2d at 181); see also Ross v. Hayt, Hayt & Landau, LLC, No. 15-1506, 2015 U.S. Dist. LEXIS 166787, at *7 n.2 (D.N.J. Dec. 14, 2015) ("Plaintiff cannot use an opposition brief to supplement his complaint.") (citing Zimmerman, 836 F.2d at 181).

 This Court does not find persuasive Silver's argument in his Opposition that he should be able to rely on this argument because the information regarding the Medicare Part D Program contained in the sources cited are a matter of public record that this Court can consider.  This response misses the point of PharMerica's argument.  PharMerica's argument is focused on Silver's attempt to now allege the false claims are actually the PDEs, which this Court agrees, is not supported by the Complaint.  Moreover, Silver points to a few allegations in the

14

Complaint to suggest the Complaint actually does include this theory; however, this Court does not agree that the cited allegations actually support a theory of liability based on the PDE claims.  Accordingly, this Court finds the Complaint as currently pled does not satisfy the presentment element for Silver's Pre-FERA claims relating to Medicare Part D and Medicaid Managed Care in Count I and thus, the Pre-FERA claims in Count I and, by extension, the related conspiracy claims in Count III relating to Medicare Part D and Medicaid Managed Care must be dismissed.

### c. Count II and Count III Pre-FERA and Post-FERA Claims

PharMerica next argues dismissal of Count II in its entirety, and, by extension, the related conspiracy claims under Count III, is warranted because the Complaint fails to allege the use of any false records or statements that are distinct from the underlying pharmacy claims.  (Def. Br. at 21-23). Silver responds that this "double falsity" requirement is satisfied because "PharMerica . . . submit[s] electronic claims to a Part D Sponsor, which then uses those records to submit PDEs, along with certifications about the validity of the claims represented by the PDES, to the government."  (Pl. Br. at 34). In its Reply, PharMerica argues this argument is improper because, as discussed *supra*, the Complaint as currently drafted does not allege that the PDE data are the claims at issue in

15

this matter.  (Def. Reply Br. at 3-4).

Unlike Sections 3729(a)(1) and 3729(a)(1)(A) of the FCA, Sections 3729(a)(2) and 3729(a)(1)(B) impose liability upon any person who "knowingly makes, uses, or causes to be made or used, a false record or statement" either "to get a false or fraudulent claim paid or approved by the Government" or that is "material to a false or fraudulent claim[.]"  "This subsection contains a 'double falsity' requirement—the plaintiff must plead both a false statement and a corresponding false claim."  United States ex rel. Hussain v. CDM Smith, Inc., No. 14-CV-9107, 2019 WL 1428360, at *12 (S.D.N.Y. Mar. 29, 2019); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 165 (3d Cir. 2012) ("It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words.").

Silver attempts to allege double falsity through the act of Part D Sponsors submitting PDEs to CMS; however, as discussed *supra*, this Court will not permit Silver to rely on theories that are not supported by his Complaint.  Accordingly, Count II in its entirety and the related conspiracy claims in Count III will be dismissed for failure to satisfy the double falsity requirement.

## CONCLUSION

For the foregoing reasons, this Court will GRANT PharMerica's Motion for Judgment.  An appropriate Order will be entered.


Date: November 25, 2020            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.