**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARC SILVER, et al., | : : : : |
| Relators, | : No. 1:11-cv-1326-NLH-AMD : |
| v. | : : |
| OMNICARE, INC., et al., | : **MEMORANDUM** : **OPINION AND ORDER** |
| Defendants. | : : : |

**APPEARANCES**:

LISA J. RODRIGUEZ
SCHNADER HARRISON SEGAL & LEWIS LLP
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1165

WILLIAM H. ELLERBE
RUSSELL D. PAUL
BERGER & MONTAGUE PC
1818 MARKET STREET
PHILADELPHIA, PA 19103

DANIEL WILLIAM MEYLER
U.S. ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD STREET, SUITE 700
NEWARK, NJ 07102

   *Attorneys for Relators*

JUDITH H. GERMANO
GWEN M. SCHOENFELD
GERMANO LAW LLC
460 BLOOMFIELD AVENUE
SUITE 200
MONTCLAIR, NJ 07043

MICHAEL MANTHEI (Pro Hac Vice)
WILLIAM PEZZOLO (Pro Hac Vice)
HOLLAND & KNIGHT LLP
10 ST. JAMES AVENUE
BOSTON, MA 02116

PETER J. KOCORAS (PRO HAC VICE)
THOMPSON HINE LLP
20 NORTHT CLARK STREET, SUITE 800
CHICAGO, IL 60602

   *Attorneys for Defendant PharMerica Corp.*

**HILLMAN**, District Judge:

   This matter is before the Court on Defendant PharMerica Corporation's ("PharMerica") Motion to Bifurcate the *Daubert* Motions and Summary Judgment Motions ("Motion"), [Docket Number 616], which Relator Marc Silver ("Silver") opposes.  The Court has considered the parties' submissions and decides this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1.  For the reasons that follow, PharMerica's Motion will be granted in part.

   As noted in the Court's prior opinions, this case is a *qui tam* action for alleged violations of the False Claims Act, 31 U.S.C. § 3729, et seq., and the federal Anti-Kickback Statute, 42 U.S.C.A. § 1320a-7b, et seq.[1]  Silver claims PharMerica

---

[1] Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and exercises supplemental jurisdiction over Silver's related state law claims pursuant to 28 U.S.C. § 1367.

2

engaged in a scheme to offer nursing homes below market prices for drugs to patients insured by Medicare Part A in exchange for referrals of prescriptions for nursing home patients insured by Medicare Part D or by Medicaid. The facts relevant to this matter are set forth in greater detail in the Court's prior opinions. This memorandum opinion and order assumes the parties' familiarity with those opinions and need not discuss the factual and procedural history of this action in further detail.

On November 9, 2021, the Honorable Ann Marie Donio, U.S.M.J. issued an Amended Scheduling Order, [Dkt. No. 601], setting a deadline to file dispositive motions and *Daubert* motions no later than May 13, 2022. On February 11, 2022, PharMerica moved for: (1) additional time to depose Silver's expert witness Professor Israel Shaked; (2) additional time to complete expert discovery; (3) the Court to bifurcate the deadlines for *Daubert* motions and motions for summary judgment; (4) a June 30, 2022 deadline to file *Daubert* motions; (5) a status conference after the Court rules on the *Daubert* motions; and (6) a deadline to file motions for summary judgment to be set 90 days from the Court's ruling on the *Daubert* motions. PharMerica's Motion, [Dkt. No. 607]. On February 16, 2022, Judge Donio issued an Order, [Dkt. No. 613], granting in part and denying in part PharMerica's requests. The Order extended

the deadline to file dispositive motions and *Daubert* motions to May 27, 2022, but denied the bifurcation request, instructing the parties to submit that request to the District Judge.

PharMerica now moves to amend the February 16, 2022 Scheduling Order, renewing its requests that the Court (1) bifurcate *Daubert* motions and summary judgment motions and (2) extend the deadline to file *Daubert* motions from May 27, 2022 to June 24, 2022, with summary judgment motions to be filed after the Court addresses the *Daubert* motions.[2]

PharMerica emphasizes, despite this case's already advanced age, bifurcation may reduce the length of time required to resolve this action. PharMerica argues that because expert opinions are a central component to Silver's case, bifurcation will promote efficiency and streamline the case. According to PharMerica, Silver's case relies on expert opinions for "contribution margin" calculations for each of the 175 nursing homes and for each year of the relevant period. Thus, if PharMerica is successful on its *Daubert* motions to exclude Silver's experts' opinions, then summary judgment will be

---

[2] PharMerica requests, in the alternative, that if the Court denies the bifurcation request, then the deadline for dispositive motions should be moved to August 31, 2022, since this is the "earliest date by which PharMerica reasonably can prepare and file both motions, each of which will be hundreds of pages, inclusive of briefs and exhibits." Moving Br. at 5.

simplified, making this case "smaller by orders of magnitude." PharMerica's Brief in Support of Bifurcation ("Moving Br."), [Dkt. No. 616], at 2 (citing Heller v. Shaw Indus., Inc., Civ. No. 95-7657, 1997 WL 535163, at *7 (E.D. Pa. Aug. 18, 1997) ("Where essential elements of plaintiffs' case depend on expert testimony, a determination of defendant's summary judgment motion must be preceded by a determination of the relevance and reliability, and hence admissibility, of the proffered expert testimony.")).

Silver opposes PharMerica's request, essentially arguing that bifurcation will significantly delay the case by about a year and courts regularly decide motions for summary judgment in tandem with *Daubert* motions. Silver thus claims PharMerica fails to present good cause to amend the February 16, 2022 Scheduling Order.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court may modify a Scheduling Order if the movant makes a showing of good cause. Here, PharMerica has satisfied this standard. As discussed above, PharMerica argues there is good cause to bifurcate the *Daubert* motions and motions for summary judgment because bifurcation could save time and resources of both the parties and the Court. The Court agrees. Separating the two motions has the potential to streamline and simplify

this complex case,[3] making bifurcation entirely appropriate for the parties' dispositive motions. Webstaurant Store, Inc. v. Everything Is In Stock LLC, Civ. No. 20-cv-2558 (CCC/ESK), 2020 WL 4040842, at *1 (D.N.J. July 15, 2020) ("A court may bifurcate the issues in a case pursuant to Rule 42(b) when such an action would be 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.'") (Id. quoting Princeton Biochemicals, Inc. v. Beckman Instruments, 180 F.R.D. 254, 256 (D.N.J. 1997)).  Without assessing the merits of the parties' forthcoming motions, PharMerica is right to suggest bifurcation may support judicial economy as it is possible that a ruling on the *Daubert* motions could prove dispositive to the subsequent motions for summary judgment.  See Weiss v. First Unum Life Ins. Co., Civ. No. 02-cv-4249 (GEB), 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008) (holding that bifurcation is appropriate and promotes judicial economy where one issue "could prove to be dispositive").

    Despite Silver's concerns that bifurcation may unduly prolong the case, any delay presented by bifurcation can hardly

---

[3] The complexity of the issues inherent to a case is often considered by courts in deciding whether to bifurcate issues. See Lennox Int'l Inc. v. Ethical Prods., Inc., Civ. No. 21-cv-12437 (SRC/JSA), 2021 WL 5757409, at **2-3 (D.N.J. Dec. 2, 2021).  This is a fairly complex case, encompassing voluminous information that will likely require extensive explanation by the parties' experts.  This complexity supports bifurcation.

burden a case that has already lingered for over a decade. Moreover, Silver does not contend that bifurcation will cause any prejudice to his ability to present his case or waste judicial resources. Raritan Baykeeper, Inc. v. NL Indus., Inc., Civ. No. 09-cv-4117 (JAP/DEA), 2014 WL 4854581, at *2 (D.N.J. Sept. 30, 2014) ("In determining whether bifurcation is proper, courts should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case") (quotation omitted). Therefore, upon this record, the Court finds it appropriate to bifurcate the *Daubert* and summary judgment motions. See Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues"); see also Webstaurant Store, Inc., 2020 WL 4040842, at *1 (holding that "Court have wide discretion to bifurcate issues and claims").

In addition to bifurcation, PharMerica also argues that more time is needed before the parties can prepare *Daubert* motions and summary judgment motions. This Court will refer that issue back to the able hands of Judge Donio who has overseen case management in this matter, is intimately familiar with the issues and the parties, and is therefore best suited to set a fair schedule consistent with the record and her prior rulings.

THEREFORE,

IT IS on this  14  day of  April , 2022

ORDERED that PharMerica's Motion to Bifurcate the *Daubert* motions and summary judgment motions and to modify the Amended Scheduling Order [Dkt. No. 616] be, and the same hereby is, GRANTED in part in that the parties may file their *Daubert* motions prior to summary judgment motions and may delay the filing of said summary judgment motions for a reasonable time after the Daubert issues are resolved by this Court on a schedule left to the sound discretion of Judge Donio.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |