**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                        |     |                          |
| -------------------------------------- | --- | ------------------------ |
| UNITED STATES OF AMERICA, ex           | :   |                          |
| rel. MARC SILVER, et al.,              | :   |                          |
|                                        | :   |                          |
| Relators,                              | :   | No. 1:11-cv-1326-NLH-AMD |
|                                        | :   |                          |
| v.                                     | :   |                          |
|                                        | :   | **OPINION**              |
| OMNICARE, INC., et al.,                | :   |                          |
|                                        | :   |                          |
| Defendants.                            | :   |                          |
|                                        | :   |                          |
| _____        | :   |                          |

**APPEARANCES**:

LISA J. RODRIGUEZ
SCHNADER HARRISON SEGAL & LEWIS LLP
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1165

WILLIAM H. ELLERBE
RUSSELL D. PAUL
BERGER & MONTAGUE PC
1818 MARKET STREET
PHILADELPHIA, PA 19103

DANIEL WILLIAM MEYLER
U.S. ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD STREET, SUITE 700
NEWARK, NJ 07102

        *Attorneys for Relators*

JUDITH H. GERMANO
GWEN M. SCHOENFELD
GERMANO LAW LLC
460 BLOOMFIELD AVENUE
SUITE 200
MONTCLAIR, NJ 07043

MICHAEL MANTHEI (Pro Hac Vice)
WILLIAM PEZZOLO (Pro Hac Vice)
HOLLAND & KNIGHT LLP
10 ST. JAMES AVENUE
BOSTON, MA 02116

PETER J. KOCORAS (PRO HAC VICE)
THOMPSON HINE LLP
20 NORTHT CLARK STREET, SUITE 800
CHICAGO, IL 60602

     *Attorneys for Defendant PharMerica Corp.*

**HILLMAN**, District Judge:

     This matter is before the Court on Defendant PharMerica Corporation's ("PharMerica") Appeal of the September 22, 2021 Order [Docket Number 580] issued by the Honorable Ann Marie Donio, United States Magistrate Judge, denying PharMerica's request to take the deposition of a Center for Medicare and Medicaid Services ("CMS") witness after the fact discovery deadline and granting Relator's motion to quash PharMerica's subpoena to CMS.  Relator Marc Silver ("Relator") filed opposition and the United States filed a letter to correct PharMerica's misrepresentations.  The Court has considered the submissions and decides this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1.  For the reasons that follow, Judge Donio's Order will be affirmed.

**I.   FACTUAL AND PROCEDURAL HISTORY**

     As noted in the Court's prior opinions, this case is a qui tam action for alleged violations of the False Claims Act, 31

U.S.C. § 3729, et seq., and the federal Anti-Kickback Statute, 42 U.S.C.A. § 1320a-7b, et seq.  Relator claims PharMerica engaged in a scheme to offer nursing homes below market prices for drugs to patients insured by Medicare Part A in exchange for referrals of prescriptions for nursing home patients insured by Medicare Part D or by Medicaid.  The Court assumes the parties' familiarity with the Court's earlier opinions in this matter and need not discuss the factual and procedural history of this action in further detail.  Only those facts relevant to the instant appeal will be discussed here.

On December 3, 2014, the Court issued its first Scheduling Order, setting December 1, 2015, as the deadline for fact discovery.  Then, after years of contentious pretrial litigation and numerous Orders, on February 28, 2020, the Court issued an Amended Scheduling Order [Dkt. No. 469], setting a pretrial discovery end date of June 30, 2020.  On March 30, 2020, the Court issued another Amended Scheduling Order [Dkt. No. 478], adjusting the deadline for pretrial factual discovery to October 20, 2020, based on the parties' consent request.  On July 22, 2020, PharMerica moved for additional time to complete discovery and amend the Court's deadlines, which the Court granted in an August 3, 2020 Order [Dkt. No. 498], setting a fact discovery deadline for February 26, 2021.

Later that month, on August 26, 2020, PharMerica served a

3

subpoena on CMS, a nonparty, requesting CMS produce documents
and appear for a deposition.  In September and December of 2020,
CMS submitted written objections to the subpoena, refusing to
appear for a deposition.  Specifically, CMS advised PharMerica
in December of 2020 that its document searches uncovered no
responsive documents, thus CMS denied the request for testimony
as premature given the lack of responsive documents.  Despite
its opposition, CMS committed to continuing to meet and confer
on the subpoena requests.

PharMerica then moved for additional time to complete
discovery, which the Court granted in its November 6, 2020
Amended Scheduling Order [Dkt. No. 509], setting March 19, 2021
as the discovery deadline.  On January 12, 2021, the Court
issued another Amended Scheduling Order [Dkt. No. 524], again
adjusting the fact discovery deadline, this time to May 19, 2021
at the request of Relator.

On March 25, 2021, three months after CMS stated it had no
responsive documents, PharMerica emailed CMS asking to schedule
a deposition in late April or early May.  In early April of
2021, the parties met and conferred over the subpoena request,
to which CMS reiterated that it would not produce a witness for
testimony but suggested that the parties could remain open to
narrowing the scope of the subpoena.  On April 26, 2021, upon
the joint request of the parties, the Court issued an Amended

Scheduling Order [Dkt. No. 550] setting a new fact discovery deadline of August 19, 2021.

Another three months passed without any developments regarding the subpoena, until July 7, 2021, when PharMerica requested a meet and confer with CMS to discuss the possibility of narrowing the scope of the request for testimony.  On July 20, 2021, CMS and PharMerica met and conferred regarding the deposition request.  During this meeting, PharMerica provided further details on the topics for deposition testimony, and, on July 29, 2021, PharMerica sent CMS a five-page list of approximately fifty proposed deposition topics and subtopics. CMS and PharMerica continued to meet and confer regarding the list of topics and scope.

On the morning of August 3, 2021, CMS informed PharMerica it would not consent to providing a witness to testify at a deposition.  Later that day, at a discovery conference with the Court, PharMerica recited this position and stated it would file a motion to compel CMS's testimony.  Relator objected to PharMerica's request to compel CMS's deposition, noting that this was the first time Relator had ever heard that PharMerica was actually moving forward with deposing CMS.  Transcript of August 3, 2021 Discovery Conference [Dkt. No. 585], 5:3-6:21.

On August 6, 2021, PharMerica submitted a letter [Dkt. No. 563] updating the Court on a change in the subpoena dispute.

5

PharMerica's letter noted that a witness from CMS would be available for a deposition prior to September 13, 2021, and that the parties are still conferring over dates.  Based on these developments, PharMerica informed the Court that it may request another extension of the deadline for fact discovery.

On August 9, 2021, Relator filed a Motion to Quash PharMerica's Subpoena to depose CMS outside of the Court-ordered period for fact discovery.  Motion to Quash [Dkt. No. 564]. Relator's Motion noted that despite serving the subpoena thirteen months ago, PharMerica waited until just days before the end of fact discovery to attempt to actually take the deposition of a CMS's employee.  Accordingly, Relator argued the Court should quash the subpoena based on PharMerica's extreme delay, prejudice to Relator, and disruption to the case schedule.

On August 10, 2021, CMS submitted a letter [Dkt. No. 565] to the Court, noting that "CMS has identified a witness to testify, however, the Government is still in the process of negotiating with Pharmerica the scope of testimony that the agency may authorize.  Absent an order by the Court directing otherwise, we expect that the witness's testimony will occur before September 13, 2021."

Ultimately, PharMerica and CMS were unable to reach

agreement on the scope of the deposition,[1] prompting PharMerica
to file a Motion to Allow the Deposition of CMS after the Fact
Discovery Cut-off and Opposition to Relator's Motion to Quash on
August 16, 2021 – a mere three days prior to the discovery end
date.  PhaMerica's Discovery Motion [Dkt. No. 566].  PharMerica
noted that additional time for fact discovery was necessary "to
accommodate resolution of the motion to compel," after which,
and assuming it was successful, PharMerica would then need time
to depose CMS.  Brief in support of PhaMerica's Discovery Motion
[Dkt. No. 566-2], at 4.  In short, after letting the subpoena
issue fester for nearly a year, PharMerica essentially requested
that the Court suspend the case schedule for an unknown period
of time pending a ruling by the District Court for the District
of Columbia on PharMerica's Motion to Compel CMS's compliance
with the subpoena.

On September 9, 2021, the Court held a hearing on the two
motions and afforded the parties the opportunity to present oral
arguments.  On September 22, 2021, the Court issued an Order
[Dkt. No. 580] granting Relator's Motion to Quash [Dkt. No. 564]

---

[1] On August 16, 2021, CMS wrote PharMerica regarding concerns about
PharMerica's proposed deposition topics.  While CMS agreed to
consider producing a witness to testify about the issue of
materiality in Anti-Kickback Statute cases, PharMerica rejected
the offer, opting instead to file a Motion to Compel CMS's
testimony in the United States District Court for the District of
Columbia on August 17, 2021.

and denying Defendant's Motion to Take the Deposition of a CMS
Witness after the Fact Discovery Deadline [Dkt. No. 566].
Transcript of September 22, 2021 Discovery Conference ("Op.
Tr.") [Dkt. No. 587] at 7:20-25.  In reaching her ruling, Judge
Donio issued an oral opinion [Dkt. No. 587] that adroitly
recites the relevant case history and provides a thorough
analysis.

Judge Donio noted that, "this case has had an extensive
procedural history," presenting a record of "lengthy and
complicated" discovery, to which "[b]oth parties have moved on
multiple occasions for extensions of time to complete
discovery," and "[t]he prior Magistrate Judge handling this
matter expressed a clear desire to finalize discovery nearly two
years ago." Id. at 8:2-13.  The opinion notes the subpoena was
issued in August of 2020, to which CMS responded, denying the
deposition request in September 2021 and the deposition and
document requests in December 2021. Id. at 9:25-11:1.  The
opinion further notes that although counsel for PharMerica
claims to have actively sought to obtain the CMS witness
deposition after CMS's rejection in December, "[t]he record ...
is devoid of evidence demonstrating immediate efforts to obtain
the deposition." Id. at 11:5-6.  Indeed, it was not until
"March 25, 2021, more than three months after CMS confirmed it
had no documents," that PharMerica emailed CMS seeking "to

8

schedule the deposition in late April or early May." Id. at
11:8-11. The opinion notes the next developments on this issue
occurred on April 5, 2021, when PharMerica emailed CMS
requesting to schedule the deposition, and on April, 6, 2021,
when CMS informed PharMerica that it was willing to meet and
confer with Defendant regarding the production of discovery to
narrow the scope of the subpoena. Id. at 11:13-18. Reviewing
the subsequent case history, Judge Donio found "the record
contains no evidence of efforts during the now next [sic] three-
and-a-half months by Defendant to meet and confer with CMS
regarding the scope of the subpoena and deposition topics.
Rather it was not until July 29, 2021, that Defendant wrote to
CMS with a list of proposed deposition topics[, and o]n August
3, 2021, Defendant advised the court that CMS was willing to
produce a witness to testify, but the deposition could not occur
before the discovery end date of August 19, 2021." Id. at
11:19-12:7. The opinion further notes that CMS informed
PharMerica and the Court that it refused to produce a witness on
any of the proposed deposition topics, which in turn resulted in
PharMerica's discovery motion and all subsequent developments on
this issue. Id. at 12:7-16.

Against this record, Judge Donio examined PharMerica's
efforts to obtain the CMS deposition against the Court's
discovery deadlines. Id. at 12:21-25. Judge Donio noted the

9

Court afforded the parties numerous extensions of discovery
deadlines between November 2020 and April 2021.  Id. at 12:23-
14:22.  All of these extensions were based on either the
parties' joint requests or requests for additional time to
review document productions.  Ibid.  None of the prior requests
for additional time concerned the CMS deposition.  Rather, the
first time the Court so much as heard that PharMerica might need
more time to depose a CMS witness was August 3, 2021.
Accordingly, Judge Donio concluded that "as each discovery
deadline approached, [PharMerica] made some effort to obtain the
deposition of a CMS witness, but once the discovery period was
extended, [PharMerica] did not continue to pursue the
deposition[, and, I]nstead, [PharMerica] waited until the new
discovery end date approached before revisiting the CMS
deposition issue."  Id. at 14:23-15:4.

Applying the Rule 16 good cause standard, Judge Donio found
the record did not demonstrate PharMerica exercised diligence in
pursuing the subpoena to justify amending the Court's scheduling
order.  By failing to actively pursue the CMS deposition each
time deadlines were extended and instead "chos[ing] to wait
until July 29th with only three weeks remaining in the discovery
period to follow up with CMS," PharMerica created a situation
"in which discovery could not have been completed within the
discovery time period."  Id. at 16:7-13.  Judge Donio further

emphasized that PharMerica "is represented by competent counsel with several attorneys working on this case," thus "the Court sees no reason why [PharMerica] could not have simultaneously pursued discovery from CMS while also conducting other discovery in this matter."  Id. at 16:16-20.

PharMerica's appeal of Judge Donio's ruling followed, to which Relator filed opposition and CMS submitted a letter to correct PharMerica's misstatements of the record.

**II.  ANALYSIS**

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge may "hear and determine any pretrial matter pending before the court[.]"  28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's order on pretrial matters if it is "clearly erroneous or contrary to law."  Id.; see also Fed. R. Civ. P. 72(a) (recognizing that a district judge can "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); L. Civ. R. 72.1(c)(1)(A) (noting that the district judge "shall consider the appeal ... and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

Under this standard, "'[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

11

conviction that a mistake has been committed.'" <u>Wyeth v. Abbott Labs</u>, 692 F. Supp. 2d 453, 455 (D.N.J. 2010) (quoting <u>Marks v. Struble</u>, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." <u>Andrews v. Goodyear Tire & Rubber Co.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000).  Moreover, a finding is "contrary to law if the magistrate has misinterpreted or misapplied applicable law." <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  "The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." <u>Exxon Corp. v. Halcon Shipping Co.</u>, 156 F.R.D. 589, 591 (D.N.J. 1994).

Ultimately, Magistrate Judges' legal conclusions are subject to a <i>de novo</i> review. <u>Haines v. Liggett Grp. Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992).  However, where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, the District Court Judge will apply an even more deferential standard, the abuse of discretion standard. <u>Sabinsa Corp. v. Herbakraft, Inc.</u>, No. 14-4738 (RBK/KMW), 2021 WL 5449087, at *4 (D.N.J. Nov. 22, 2021).

Here, PharMerica argues it was both clearly erroneous and an abuse of discretion for the Court to find a lack of good

cause to modify the discovery schedule to allow PharMerica to depose a CMS witness.  Put another way, PharMerica claims the record demonstrates it exercised reasonable diligence in pursuing the deposition and that CMS's delay tactics created this issue.  The Court disagrees.

Federal Rule of Civil Procedure 16 vests a court with broad discretion to control and manage discovery.  See Newton v. A.C. & Sons, Inc., 918 F.2d 1121, 1126 (3d Cir. 1990).  Under Rule 16(b)(3)(A), the Court is required to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). To establish the requisite good cause, the party seeking an extension must demonstrate that the deadlines in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension."  Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).  PharMerica failed to demonstrate good cause to extend discovery before Judge Donio and has not demonstrated good cause to this Court either.

As described in greater detail above, and as was determined by Judge Donio, the record demonstrates that PharMerica was not diligent in pursuing the CMS deposition.  PharMerica served the

13

subpoena in August of 2020.  CMS responded in September and December that it had no responsive documents and that it refused the request for deposition testimony.  Nonetheless, CMS agreed to continue to meet and confer over the subpoeina.  PharMerica then did nothing to pursue the issue until late March of 2021, when it contacted CMS requesting to schedule a deposition in late April or early May.  CMS again refused the deposition request and agreed to continue to meet and confer to narrow the scope of the subpoena.  Another three months passed by before PharMerica reached out to CMS in July of 2021 to confer on the scope of the subpoena.  Then, at the end of July, PharMerica emailed CMS a list of fifty proposed deposition topics and subtopics.  CMS again refused the deposition request, prompting PharMerica, for the first time, to inform the Court and Relator of the issue.  None of these events escaped Judge Donio's careful consideration, as she correctly summarized:

> In January 2021, discovery was extended to May 19, 2021, yet defendant waited until March 25, 2021 to contact CMS.  The record demonstrates no efforts made by defendant in January, February, or the beginning of March 2021 to pursue the deposition.
>
> Once the discovery end date was again extended on April 26, 2021 to August 19, 2021, the record again demonstrates no efforts made by defendant to obtain discovery from CMS until July 29, 2021 with less than three weeks remaining in the discovery period.

14

> The defendant did not utilize the additional
> time granted by each discovery extension to
> resolve the discovery issue with CMS or
> bring to the Court's attention any problems
> it had in obtaining discovery from CMS.
>
> [Op. Tr. at 15:5-18.]

Accordingly, Judge Donio's ruling that PharMerica was not diligent is justified because "the record demonstrates several spans of time in which nothing was done by defendant to further the process of obtaining discovery from CMS." Op. Tr. at 15:21-25.

Rather than focus on the record, PharMerica urges the Court to instead focus on CMS's conduct. Specifically, PharMerica claims it was diligent because CMS agreed to the deposition. Likewise, because CMS reneged on its promise, PharMerica avers CMS is at fault for creating the discovery issue and Judge Donio erred in holding that "PharMerica was not diligent because it failed to anticipate the government's sandbagging." Brief in support of PhaMerica's Discovery Motion [Dkt. No. 566-2], at 8. Although they are imaginative, these claims are not supported in the record.

At the most fundamental level, CMS never agreed to produce a witness for a deposition as CMS and PharMerica failed to reach an agreement on the scope of the deposition. Instead, CMS merely identified a potential witness for a deposition. Thus, PharMerica's primary contention that Judge Donio ignored this

15

so-called "most salient fact" is not supported by the record.
Moreover, even if PharMerica had secured CMS's consent to a
deposition in the eleventh hour before the close of discovery,
as PharMerica claims, said deposition would have taken place
after the close of discovery and PharMerica did not provided a
basis as to why the discovery deadline could not have been
reasonably met if PharMerica had pursued the deposition issue
prior to mere days before the discovery end date.  Analysis of
CMS's conduct therefore does not support PharMerica's argument
for good cause.

This is not to say that CMS's conduct was not duly consider
by Judge Donio.  Indeed, Judge Donio held that because
PharMerica admittedly knew it is "never simple and often
requires significant negotiations" to subpoena information from
the government, PharMerica "should have been more proactive in
seeking this discovery in an effort to obtain the requested
information including whatever motions would need to have been
filed within the discovery period."  Id. at 16:3-13.

In sum, the Court finds that Judge Donio's ruling is
entirely supported by the record.  PharMerica failed to
demonstrate that the discovery deadline could not have been met
despite its efforts to complete discovery within the discovery
period.  Thus, Judge Donio's determination that PharMerica
failed to show good cause for an extension of the discovery

16

schedule was not in error.

**III. CONCLUSION**

    For the foregoing reasons, the Court will affirm Magistrate Judge Donio's September 22, 2021 Order [Docket Number 580] and deny Defendant PharMerica Corporation's appeal.  The Court agrees with Judge Donio that PharMerica did not demonstrate good cause to extend discovery and that the motion to quash should have been denied.  Accordingly, PharMerica has not met its burden of demonstrating that Judge Donio's ruling was clearly erroneous or contrary to law.

    An Order consistent with this Opinion will follow.


Date: <u>September 20, 2022</u>     <u>s/ Noel L. Hillman</u>
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.