**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARC SILVER, et al., | 1:11-cv-01326-NLH-AMD |
| Relators, | **OPINION AND ORDER** |
| v. | |
| OMNICARE, INC., et al., | |
| Defendants. | |

**HILLMAN**, District Judge

WHEREAS, the Court ruled on the parties' Daubert motions in a March 31, 2023 opinion and order, (ECF 681; ECF 682), which, pursuant to a scheduling order entered by Magistrate Judge Ann Marie Donio, (ECF 679), rendered summary judgment motions due on April 20, 2023; and

WHEREAS, Defendant PharMerica Corporation ("PharMerica") thereafter moved for an extension of time to file its summary judgment motion, (ECF 683), which Judge Donio granted in part with an extended motion deadline of May 19, 2023, (ECF 687); and

WHEREAS, the Court thereafter set out a briefing schedule and, while declining to set forth a page limit for PharMerica's statement of material facts not in dispute, reserved the opportunity to "consider[] Relator [Marc Silver ("Relator")]'s potential motion to strike any portion of Defendant's submission

that unnecessary complicates proceedings, is 'overly verbose,' or departs from the spirit of the Local Civil Rules by expanding rather than narrowing the scope of issues," (ECF 688 (quoting L. Civ. R. 56.1 cmt. d(4)); and

WHEREAS, PharMerica timely moved for summary judgment, (ECF 692), relying on a 287-page, 1,711-paragraph statement of material facts, (ECF 694); and

WHEREAS, Relator thereafter moved to strike PharMerica's statement of material facts, (ECF 704), arguing – in addition to its excessive length and failure to identify a lack of material facts in dispute – that PharMerica's statement of material facts relied on ninety[1] documents not previously produced in discovery, (ECF 704-1 at 12-20); and

WHEREAS, PharMerica asserts in its opposition that it identified eighty-seven additional documents while drafting its statement of material facts and produced them to Relator on April 28, 2023 – seventy-six of which pertained to nursing homes for which full discovery was previously denied[2] and eleven for

---

[1] Relator's motion to strike refers to ninety-three newly provided documents, (ECF 704-1 at 12); however, PharMerica asserts that three documents were double counted, (ECF 710 at 1 n.1). Relator appears to adopt this figure in his reply brief. (ECF 712 at 6).

[2] In a March 2, 2020 order, former Magistrate Judge Joel Schneider identified eighty-seven of a reduced list of one hundred and seventy-four nursing homes subject to "full discovery." (ECF 472).

which full discovery was authorized, (ECF 710 at 9); and

WHEREAS, PharMerica's opposition further explains that ten of the eleven documents not produced for full-discovery homes were inadvertently marked as privileged, (id. at 15-17); seventy-six were not required to be produced under the scheduling order, are governed by Federal Rule of Civil Procedure 26 as they were not part of the relevant scheduling order, and should nonetheless be admitted due to their importance to PharMerica's case and lack of prejudice to Relator, (id. at 9-15); and the remaining three documents – attached to the declaration of Matthew Williams – were complaints and a brief filed on the public docket in Chem Rx litigation, (id. at 1 n.1, 17-18; see also ECF 704-2); and

WHEREAS, on June 14, 2023, the Court scheduled trial for this matter for December 4, 2023, without prejudice to PharMerica's pending motion for summary judgment and Relator's motion to strike, (ECF 711); and

WHEREAS, following subsequent letters from the parties with respect to trial scheduling, the Court vacated its order establishing the parties' briefing schedule and ordered the parties to appear for oral argument on Relator's motion to strike, (ECF 730); and

WHEREAS, in advance of oral argument, PharMerica filed a letter on the docket volunteering to reduce its statement of

material facts by half and file with its amended statement an amended memorandum in support of its summary judgment motion, (ECF 738), which Relator argues is insufficient and does not address the specific challenges raised in the motion to strike, (ECF 739); and

    WHEREAS, a party who has made a disclosure pursuant to Federal Rule of Civil Procedure 26(a) or otherwise responded to an interrogatory or request for production or admission must, "in a timely manner," supplement or correct its response or disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A); and

    WHEREAS, the Court cannot find that supplementation or correction was done in a "timely manner" when the newly provided documents were not transmitted to Relator until twenty months after the close of discovery, (ECF 550); see also In re BlackRock Mut. Funds Advisory Fee Litig., No. 14-1165, 2018 WL 11242142, at *5 (D.N.J. June 13, 2018) (finding that "the duty to supplement requires a party to correct incomplete information 'during the discovery process'" and that the identification of fact witnesses after the close of fact discovery rendered the supplemental disclosure untimely (quoting Fed. R. Civ. P.

4

23(e)(1)(A)); and

WHEREAS, if a party fails to provide information as required by Federal Rules of Civil Procedure 26(a), (e), a court may impose sanctions including barring use of the information "unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1); and

WHEREAS, courts within the Third Circuit determine whether to strike untimely disclosed evidence by evaluating the "Pennypack factors," which include 1) the prejudice or surprise to the opposing party, 2) the ability to cure that prejudice, 3) the extent to which permitting the evidence might disrupt the orderly and efficient administration of the case, 4) the bad faith or willfulness associated with the untimely disclosure, and 5) the importance of the evidence, see Webster v. Dollar Gen., Inc., 314 F.R.D. 367, 370 (D.N.J. Feb. 9, 2016) (collecting cases); and

WHEREAS, the Court concludes that Relator will be prejudiced by PharMerica's use of the newly provided documents as their significantly delayed production has deprived him of the opportunity to probe their contents through depositions and other means of discovery, incorporate them into expert reporting, or otherwise prepare his case while factoring in PharMerica's likely reliance on them and that these prejudices may not be adequately cured at this advanced stage of

5

litigation, see Holley v. Port Auth. of N.Y., No. 14-7534, 2018 WL 11413338, at *7 (D.N.J. May 3, 2018) (precluding the plaintiff from calling three witnesses due to the burden it would have placed on the defendants four months prior to trial to potentially depose the witnesses and amend their strategy for a matter that had been pending for three-and-a-half years); and

    WHEREAS, the Court further concludes that permitting PharMerica to use the newly provided documents at this stage, would disrupt the efficient administration of this twelve-year-old case that is at the summary-judgment phase and scheduled for trial, see Juice Ent., LLC v. Live Nation Ent., No. 11-07318, 2022 WL 2803169, at *3-4 (D.N.J. July 18, 2022)(finding that the significantly delayed disclosure of an expert report prejudiced the defendant by placing it in position to need to address new information and that, while that prejudice could have been cured by reopening discovery, doing so would have jeopardized the efficient administration of the case); and

    WHEREAS, though the Court does not find that PharMerica has acted maliciously or deceitfully, it is nonetheless dissatisfied with its explanations and concludes that it was obligated to thoroughly review documents that were marked as privileged and, to the extent that PharMerica advocated for less than full discovery for all 174 nursing homes at issue, (see, e.g., ECF 467), it accepted the award of truncated discovery with the risk

6

of losing the use of evidence helpful to it from nursing homes for which full discovery was not exchanged, see E.M. Sergeant Pulp & Chem. Co., Inc. v. Travelers Indem. Co. Inc., No. 12-1741, 2015 WL 9413094, at *5 (D.N.J. Dec. 22, 2015) (finding that the plaintiff did not engage in bad faith or willfulness to cause undue delay or expense, but nonetheless violated scheduling orders without proper explanation and that "[v]iolation of scheduling orders, when accompanied by unsatisfactory explanations, 'may be characterized fairly as willful and bad faith.'" (quoting Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 592 (D.N.J. June 14, 1994))), and the Court finds this principle equally applicable because though many of the newly provided documents were not subject to Judge Schneider's order concerning full discovery it was PharMerica that affirmatively sought and received the benefit of limiting discovery; and

WHEREAS, while the Court acknowledges the stated importance of the ninety newly provided documents, (ECF 710 at 13-15), and that the "exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence," Cost v. Borough of Dickson City, 858 F. App'x 514, 516 n.5 (3d Cir. 2021) (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994)), it nonetheless

7

notes that "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material," Miller v. Warren Hosp. IPA, PA, No. 15-7496, 2018 WL 566214, at *6 (D.N.J. Jan. 26, 2018) (quoting Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995)), and finds that some level of exclusion is warranted to prevent prejudice to Relator; and

WHEREAS, in light of PharMerica's letter offer to reduce its statement of material facts, (ECF 738), the Court will deny its motion for summary judgment, (ECF 692), without prejudice, permit it to refile its motion with an amended statement of material facts and supporting memorandum,[3] and prohibit the use of the newly provided documents with the exception of the three documents included with the Williams Declaration that were filed in Chem Rx matters and the additional pharmacy services

---

[3] The Court understands that revisions to PharMerica's statement of facts and exclusion of relied-upon documents may require associated revisions to PharMerica's supporting memorandum, certifications, and any affidavits.  The Court's decision to dismiss without prejudice and permit refiling should not, however, be interpreted as an opportunity to add or substantively modify legal arguments.  In addition to permitting the revision of PharMerica's statement of facts and supporting memorandum, the Court will invite the parties to submit briefs of no more than five single-spaced pages discussing United States ex rel. Schutte v. SuperValu Inc., 143 S.Ct. 1391 (2023), and its implications on this case within twenty-one days of this order.  As such, PharMerica's motion to cite supplemental authority in its summary judgment motion, (ECF 715), will be denied as moot.

8

agreement with Meridian; and

    WHEREAS, the Court will grant Relator's motion to strike, (ECF 704), to the extent that it will prohibit the use of eighty-six of the newly provided documents as identified above at the summary judgment stage and deny it as moot to the extent that the Court has accepted PharMerica's offer to refile an amended motion and statement.

    THEREFORE,

    IT IS HEREBY on this __8th__ day of __September__, 2023

    **ORDERED** that PharMerica's motion for summary judgment, (ECF 692), be, and the same hereby is, **DENIED WITHOUT PREJUDICE**, and PharMerica will be permitted to refile its motion accompanied by a shortened statement of material facts and supporting memorandum of law and related materials within seven days of the issuance of this order, Relator will be permitted to file his opposition within twenty-one days of the filing of the renewed motion, and PharMerica may file its reply within seven days thereafter,[4] and it is further

    **ORDERED** that Relator's motion to strike, (ECF 704), be, and the same hereby is, **GRANTED IN PART**, in that PharMerica is be barred from using the seventy-six documents pertaining to homes

---

[4] The Court acknowledges that this briefing schedule conflicts with the previously approved schedule for pretrial submissions, (ECF 732), which the Court may amend at a later date.

9

for which full discovery was not exchanged and ten documents for full discovery homes that were improperly marked as privileged for purposes of seeking summary judgment,[5] but will be permitted to use the three Chem Rx documents included with the Williams Declaration and additional pharmacy services agreement with Meridian, and it is further

**ORDERED** that considering the alternative relief provided and the Court's denial of summary judgment without prejudice, Relator's motion to strike, (ECF 704), be, and the same hereby is, otherwise **DENIED AS MOOT,** and is further

**ORDERED** that the parties may file simultaneous letter briefs of no more than five single-spaced pages discussing United States ex rel. Schutte v. SuperValu Inc., 143 S.Ct. 1391 (2023), and its implications on this case within twenty-one days of this order, and it is further

**ORDERED** that also considering the alternative relief provided, PharMerica's motion to cite supplemental authority in its summary judgment motion, (ECF 715), be, and the same hereby is, **DENIED AS MOOT.**

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[5] The Court does not decide here whether or to what extent the eighty-six documents may be used by PharMerica during trial to prevent manifest injustice.

10